**MOTION UNDER 28 U.S.C. § 2244 FOR ORDER AUTHORIZING DISTRICT COURT TO CONSIDER
SECOND OR SUCCESSIVE APPLICATION FOR RELIEF UNDER 28 U.S.C. § 2254 OR § 2255**

United States Court of Appeals for the Third Circuit

**1 6    2 8 7 9**

| Name of Movant | Prisoner Number | Case Number (leave blank) |
|---|---|---|
| LAZARA ORDAZ | 52247-066 | 16-2248 |
| **Place of Confinement** | | |
| FCI ALICEVILLE | | |

**IN RE:**                              **, MOVANT**

LAZARA ORDAZ



1. **Name and location of court which entered the judgment of conviction from which relief is sought:** _____

_____ UNITED STATES DISTRICT COURT, EASTERN PENNSYLVANIA, PHILADELPHIA DIVISION

2. **Parties' Names:** ___ LAZARA ORDAZ _____ vs. _____ UNITED STATES _____

3. **Docket Number:** ___ 2:98cr00587-001 _____ 4. **Date Filed:** __ 1998 _____ 5. **Date of**

**judgment of conviction:** __11/1/2000_____ 6. **Length of sentence:** __420 months___ 7. **Nature of offense(**

**involved (all counts):** _ct.1-conspiracy to distribute more than (3) kilograms of cocaine_____

_ cts 33, 37,40-41,44,47,49-50,54-62, &64-66, use of a communications facility

_____

_____

_____

8. **What was your plea? (Check one)**         • Not Guilty      XX Guilty       • Nolo Contendere

9. **If you pleaded not guilty, what kind of trial did you have? (Check one)**  • Jury       • Judge only

10. **Did you testify at your trial? (Check one)**                • Yes       • No

11. **Did you appeal from the judgment of conviction? (Check one)**      XX Yes       • No

12. **If you did appeal, what was the**

    **Name of court appealed to:** ___ COURT OF APPEALS FOR THE THIRD _____

    **Parties' names on appeal:** LAZARA ORDAZ _____ vs. ___ UNITED STATES OF AMERICA_

    **Docket number of appeal:** __03-2927_____ **Date of decision:** ___10/6/04_____

    **Result of appeal:** ____ JUDGEMENT AFFIRMED _____

_____

_____

_____

_____

_____

13. Other than a direct appeal from the judgment of conviction and sentence, have you filed any other petitions, applications for relief, or other motions regarding this judgment in any federal court? xx Yes    • No

14. If you answered "yes" to question 13, answer the following questions:
   A. FIRST PETITION, APPLICATION, OR MOTION
   (1) In what court did you file the petition, application, or motion? __EASTERN DISTRICT COURT OF PA__

   (2) What were the parties' names? __LAZARA ORDAZ__ vs. __UNITED STATES OF AMERICA__

   (3) What was the docket number of the case? _____n/a_____

   (4) What relief did you seek? ____motion pursuant to §2255____

   (5) What grounds for relief did you state in your petition, application, or motion? _____

   __INEFFECTIVE COUNSEL FOR FAILURE TO APPEAL AND PLEA UNKNOWING AND INVOLUNTARY__

   (6) Did the court hold an evidentiary hearing on your petition, application or motion?    xx Yes    • No

   (7) What was the result?          xx Relief granted          • Relief denied on the merits

                                     • Relief denied for          • Relief denied for procedural default
                                       failure to exhaust

   (8) Date of court's decision: ____6/26/03____

   B. SECOND PETITION, APPLICATION, OR MOTION

   (1) In what court did you file the petition, application, or motion? _____ (2) \

were the parties' names? _____ vs. _____          (3) What was the dock

number of the case? _____          (4) What relief did you seek? _____

_____

_____

_____

_____

**C. THIRD AND SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS**
For any third or subsequent petition, application, or motion, attach a separate page providing the information required in items (1) through (8) above for first and second petitions, applications, or motions.

**D. PRIOR APPELLATE REVIEW(S)**
Did you appeal any order regarding your petitions, applications, or motions to a federal court of appeals having jurisdiction over your case? If so, list the docket numbers and dates of final disposition for all subsequent petitions, applications, or motions filed in a federal court of appeals.

First petition, application, or motion     • Yes  Appeal No. __X__  Date _____   • No
Second petition, application, or motion    • Yes  Appeal No. __x__  Date _____   • No
Subsequent petitions, applications or motions   • Yes  Appeal No. _____  Date _____   • No
Subsequent petitions, applications or motions   • Yes  Appeal No. _____  Date _____   • No
Subsequent petitions, applications or motions   • Yes  Appeal No. _____  Date _____   • No
Subsequent petitions, applications or motions   • Yes  Appeal No. _____  Date _____   • No

If you did not appeal from the denial of relief on any of your prior petitions, applications, or motions, state which denials you did not appeal and explain why you did not.

THE CASE LAW BEING USED IN THIS APPLICATION WAS NOT AVAILABLE AT THE TIME OF

MY CONVICTION. IT JUST BECAME RETROACTIVE.

15. Did you present any of the claims in this application in any previous petition, application, or motion for relief under 28 U.S.C. § 2254 or § 2255? (Check one)     • Yes      XX No

16. If your answer to question 15 is "yes," give the docket number(s) and court(s) in which such claims were raised and state the basis on which relief was denied.

_____ 17. If your answer to que

15 is "No," answer the following questions:

A. State the claims which you did not present in any previous petition, application, or motion for relief under 28 U.S.C. § 2254 or § 2255: ILLEGAL ENHANCEMENT, ILLEGAL SENTENCE

NONE OF THE GROUNDS CLAIMED IN THIS MOTION WERE PRESENTED BEFORE, BECAUSE THE LAW

WAS CONSTITUTIONAL PREVIOUSLY.

B. State the reasons why you did not present the above claims in any previous petition, application or     mot
for relief under 28 U.S.C. § 2254 or § 2255:* _____

AS AFOREMENTIONED, JOHNSON V UNITED STATES WAS NOT AVAILABLE TO

MY PERSON, AND AS THE LAW WAS VAGUE TO THE SUPREME COURT, IT HAS

BEEN VAGUE TO ME.

**\*NOTE: This Court will grant you authority to file in the district court only if you show that you could not have presented your present claims in your previous § 2254 or § 2255 application because . . .**

    **A. (For § 2255 motions only) the claims involve "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [you] guilty"; or,**

    **B. (For § 2254 petitions only) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidenc a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [you] guilty of the offense"; or,**

    **C. (For both § 2254 and § 2255 applicants) the claims involve "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court [of the United States], that was previously unavailable."**

**State how you meet the above requirements:**

Under Johnson v United States, I qualify unequvically, as it relates to the

firearm enhancment. I was not only sentenced as being a felon in possession,

but the Court, "assumed' under the residual clause that a weapon was used in

the capacity as a threatening  item, justifying an additional enhancement under

that violent clause.  Please see attached support brief.

**If it has been more than one year since either (1) your conviction became final; (2) you discovered the new evidence on which rely; or (3) the United States Supreme Court case on which you rely was decided, state why you could not file your petition ear**

 

**Movant prays that the United States Court of Appeals for the Third Circuit grant an Order Authorizing the District Court to Consider Movant's Second or Successive Application for Relief Under 28 U.S.C. §§ 2254 or 2255.**

Movant's Signature

**I declare under Penalty of Perjury that my answers to all questions in this Motion are true and correct.**

Executed on    _5-02-16_

          [date]

Movant's Signature

**PROOF OF SERVICE**

A copy of this motion and all attachments must be sent to the state attorney general (§ 2254 cases) or the United States Attorney for the United States judicial district in which you were convicted (§ 2255 cases).

I certify that on ___5/2/2016___ I mailed a copy of this motion and all attachments
          [date]

to ___The AUSA and the District Court_____ at the following address:

_601 MARKET ST ROOM 21400   PHILA, PA 1910_

Rev. 2/99

_____
                     Movant's Signature

IN THE UNITED STATES COURT OF APPEALS

FOR THE   _EASTERN_   CIRCUIT

IN REF: CASE NO: _2:98cr00587-001_

LAZARA ORDAZ_____,

PETITIONER·

VS.

UNITED STATES OF AMERICA ,

RESPONDENT

---

SUPPORT BRIEF IN SUBMITTANCE PURSUANT TO
§2244, REQUESTION A CERTIFICATE OF
APPEALABILITY IN LIGHT OF THE RETROACTIVE
EFFECT OF JOHNSON V UNITED STATES
· (June 26, 2015)

---

Comes Now, the petitioner __Ms. Lazara Ordaz____, proceeding

pro se, respectfully asks of this Honorable Court, permission

to proceed with the filing of a second/successive motion

pursuant to 28 U.S.C. §2255, in light of the retroactive

effect of the holding and decision in Johnson v United States,

576, U.S., 251 (June 26, 2015) S.CT, and its expressed

desire as to retroactivity, as evidenced in its decision in

Welch v United States, (S.CT, April, 2016). As this petitioner

has already filed relief proceedings in the lower court, this

Court has the jurisdiction to grant the herein motion. IN

support of, Ms. Ordaz_____; having retroactive applicabil

states the following:

2.

This Court looks at the overall crux as it pertains to the granting of relief to any petitioner, who has submitted motions for relief. The deciding point in this case, is what the Supreme Court has insinuated, what the Court ascertained, and what the Court decided, when it comes to the constitutionality of the 'residual clause' statute. With its ruling, the Court has cleared up all ambigui as it relates to the 'clause'. Welch v United States, has clarified its intent.

Any person currently incarcerated on a sentence, that was enhanced even if loosely, around this clause, is eligible for relief. It just doesnt apply to those whose cases are not final. As the statute has been deemed unconstitutional, anyone currently sitting in prison on said statute, is in effect, idling in prison in violation of their constitutional rights, which amounts to a travesty of justice, that cannot stand.

In Miller-El v Cockrell, 537, U.S. 322, 337(103), the Court held: "Obtaining a C/O/A does not require a showing that the appeal will succeed," and " a Court of Appeals should not decline the application .......merely because it believes the applicant will not demonstrate an entitlement to relief."

The petitioner in this matter is not trying to vacate the conviction. The only issue at hand involves solely, the enhancement of sentence, which has now been invalidated. We can not in good faith and in fairness, allow this sentence to be upheld, when, we know the ramifications of doing so.

3.

There will always be confusion and indecision, when it comes to law. That is why we have the Supreme Court. When we have ununiformity amongst Sister Circuits, law mandates that the Highest Court, "settle" the matter. The decision might not be agreeable to some, however, we must follow the letter of the law. This petitioner may have an atrocious criminal record. But, if the statute has been deemed vague and unconstitutional, the sentence is no longer legal. Therefore, the imprisonment of the petitioner, beyond any other valid sentence, is a travesty of justice.

Courts can and ordinarily give effect to the valid portion of a partially unconstitutional statute, so long as it remains fully operativ as a law, and so long as it is not evident from the statutory text and context that Congress would have preferred no statute at all. "Despite the government's assurance that it will apply §48 to reach only 'extreme' cruelty, this Court will not uphold an unconstitutional statute merely because the government promises to use it responsibly. Nor can the Court construe this statutory language to avoid constitution doubt. A limiting construction can be imposed only if the statute"is readilly susceptible" to such a construction. " <u>Reno v American Civil Liberties Union, 521 u.S. 844, 884 117, S.CT 2329.</u>  To read §48 as the government desires requires rewriting not just reinterpretation.

To abridge this request, the petitioner will close with this. The sentence as it stands today, is in violation of the Constitution. Only t bare minimum threhold needs to be met to be considered for relief, and this petitioner has met set threshold, just by being sentenced under the

4.

"residual clause' of a statute. One has to no longer wonder why, as being one of the greatest countries in the World, the people always prevail, as it comes to civil liberties. As a coutry, we can no longer stand for the imprisonment of those, who are being held under a sentence, that since the finality of their proceedings, has now become illegal. What makes us great is that once a constitutional violation has been addressed, recognized, and rectified, we immediately act to correct all sentences, having been affected by said correction.

This petitioner, falls in that category. Wherefore, the petitioner, __Ms. Ordaz__, respectfully asks that this Court, grant the hereto C/O/A, and allow the motion pursuant to 28 U.S.C. §2255, to continue to the District Court, as it is ripe for discussion.

Respectfully,

PAE-AO 243 (Rev. 10/09)

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### Motion to Vacate, Set Aside or Correct a Sentence
### By a Person in Federal Custody
### (Motion Under 28 U.S.C. § 2255)

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States District Court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly you will be asked to submit additional or correct information. If you want to submit a brief or arguments you must submit them in a separate memorandum.

6. There is no filing fee for the habeas corpus motion. If you cannot pay for the other costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). **To do that you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.**

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. 28 U.S.C. § 2255 provides that there is a 1-year statute of limitations which runs from the latest of:
   (1) the date on which the judgment of conviction becomes final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed; if the movant was prevented from making a motion by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; or
   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

9. 28 U.S.C. § 2244(b)(3)(A) provides that before you can file a second or successive habeas corpus motion in the District Court you must file a motion with the Third Circuit Court of Appeals for an order authorizing the District Court to consider your second or successive habeas corpus motion. 28 U.S.C. § 2255 provides that the second or successive habeas corpus motion must be certified by the Court of Appeals to contain:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

10.     When you have completed the form, send the original and three copies to the Clerk of the United States District Court at this address:

> Clerk, United States District Court for the Eastern District of Pennsylvania
> 601 Market Street, Room 2609
> Philadelphia, PA  19106

11.     **CAUTION:** You must include in this motion __all__ of the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all of the grounds in this motion, you may be barred from presenting additional grounds at a later date.

12.     **CAPITAL CASES:** If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.



PAE-AO 243 (Rev 10/09)                                                           Page

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

**16    2879**

| **United States District Court** | District | **EASTERN DISTRICT OF PENNSYLVANIA** | |
|---|---|---|---|
| Name (under which you were convicted):<br>LAZARA ORDAZ | | | Docket or Case No.:<br>2:98cr00587-001 |
| Place of Confinement:<br>FCI ALICEVILLE | | Prisoner No.:<br>52247-066 | |
| UNITED STATES OF AMERICA<br>V. | | Movant (include name under which convicted)<br>LAZARA ORDAZ | |

### MOTION

1.  (a) Name and location of court which entered the judgment of conviction you are challenging: _____

    EASTERN DISTRICT OF PENNYSLYVANIA DISTRICT COURT,

    PHILADELPHIA, PA

    (b) Criminal docket or case number (if you know): __2:98cr00587-001__

2.  (a) Date of the judgment of conviction (if you know): __11/1/2000__

    (b) Date of sentencing: _____ __11/1/2000__

3.  Length of sentence: _____ __420 months__

4.  Nature of crime (all counts): __21:846 Conspiracy to distribute >3 Kgs of cocai__

    21:843(b) Use of a communication facility.  ct. 33,37,40-41

    44,47,50,54,55-62.,  Ct 74. Felon is possession of a firearm

    922(g)(i)

5.  (a) What was your plea? (Check one)

    (1) Not guilty  ☐         (2) Guilty  ☒         (3) Nolo contendere (no contest)  ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or
    what did you plead guilty to and what did you plead not guilty to? _____

    _____

    _____

    _____

6.  If you went to trial, what kind of trial did you have? (Check one)    Jury ☐        Judge only ☐

PAE-AO 243 (Rev. 10/09)                                                                                          Page 4

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?          Yes ☐                    No ☒

8.  Did you appeal from the judgment of conviction?          Yes ☐          No ☒

9.  If you did appeal, answer the following:
    (a) Name of court: _____          _____
    (b) Docket or case number (if you know): _____
    (c) Result: _____
    (d) Date of result (if you know): _____
    (e) Citation to the case (if you know): _____
    (f) Grounds raised: _____
    _____
    _____
    _____
    _____
    _____

    (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐          No ☒
        If "Yes," answer the following:
        (1) Docket or case number (if you know): _____
        (2) Result: _____

        (3) Date of result (if you know): _____
        (4) Citation to the case (if you know): _____
        (5) Grounds raised: _____
        _____
        _____
        _____
        _____
        _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications,
    concerning this judgment of conviction in any court?
    Yes ☒          No ☐

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court:          UNITED STATES DISTRICT COURT
        (2) Docket or case number (if you know):          N/A

PAE-AO 243 (Rev. 10/09)                                                                                      Page 5

(3) Date of filing (if you know):   SHORTLY AFTER   OCTOBER 2001. EXACT TIME UNKNOWN

(4) Nature of the proceeding:   MOTION PURSUANT TO 28 U.S.C. §2255

(5) Grounds raised:  INEFFECTIVE COUNSEL FOR FAILURE TO FILE AN APPEAL,

INEFFECTIVE ADVINCE IN REGARDS TO ACCEPTING AN UNKNOWING PLEA, THEREFORE

DEEMING IT INVOLUNTARY AND UNKNOWING.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

     Yes ☒     No ☐

(7) Result:  SENTENCE VACATED, AND IMMEDIATELY RESENTENCED TO THE SAME

(8) Date of result (if you know):  6/26/03

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:   COURT OF APPEALS FOR THE THIRD CIRCUIT

(2) Docket of case number (if you know):  NO. 03-2927

(3) Date of filing (if you know):   N/A

(4) Nature of the proceeding:   APPEAL AS TO UNKNOWING AND INVOLUNTARY PLEA

(5) Grounds raised:  COUNSEL''S INEFFECTIVENESS ON NOT EXPLAINING THE RAMIFICATIONS

OF SENTENCING IMPACT.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

     Yes ☐     No ☒

(7) Result:   JUDGEMENT AFFIRMED

(8) Date of result (if you know):   10/6/04

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:   Yes ☐   No ☒   (FILED NOTICE WITH APPELLATE ONCE DISTRIC
                                              COURT ALLOWED FILING)

(2) Second petition:   Yes ☐   No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:
[§2255] received vacation of sentence and ultimately resentenced to same,
Was allowed to file an appeal, where Appellate Court, affirmed on all aspects.

PAE-AO 243 (Rev. 10/09)                                                                                    Page

12.   For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the <u>fact</u> supporting each ground.

**GROUND ONE:** ILLEGAL SENTENCE

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

In light of a recent Supreme Court case deeming that the 'residual clause'
as it relates to 'firearm enhancements' is unconstitutional, as the wording
is vague, and forces Judges to be arbitrary enforcers. Not only did I receive
a consecutive term for being a felon in possession, I was enhanced an
additional (2) levels for being  'a felon in possession', as it relates to
a perceived threat. The enhancement was not justified, as there was no
proof that 'said firearm' would be used in any manner to 'harm, threaten,
or give off the threat of possible harm'. The enhancement alone gave
me an additional (5) years, if not more. Yet I have never showed a propensity
for violence.

(b)  **Direct Appeal of Ground One:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐      No ☒

(2)  If you did not raise this issue in your direct appeal, explain why:  The case that now
makes my sentence unconstitutional, Johnson v United States, was not
available. It is now, that I am being held on an unconstitutional rule of law

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐      No ☒

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3)  Did you receive a hearing on your motion, petition, or application?
Yes ☐      No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐        No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐        No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this
issue:      As stated previously, Johnson v United States changed a rule of

law, that affects a certain group of people, myself being included.

In fairness, at the time of my conviction, the sentence imposed

was legal. Whatever issue may have been with the firearm enhancement

back then was questionable, as I saw it as duplistic, but caselaw was

not available.

**GROUND TWO:** ILLEGAL ENHANCEMENT OF FIREARM POSSESSION _____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

A felon in possession may have been warranted, if, firearms were found on my

person. I have no argument with that. However the additional enhancement, from

the beginning, made absolutely no sense. The residual clause is vague in its

wording, as it gives a person the responsibility to deduece, whether another

person, may or maynot have used a weapon in a threatening manner, or that its

purpose was to install fear during business. The Court disagreed with this

hypothesis, and struck down the rule in its entirety. Wherefore, invalidating

the firearm section(sentence) of my sentence.

_____

_____

_____

(b)  **Direct Appeal of Ground Two:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐        No ☒

(2)  If you did not raise this issue in your direct appeal, explain why:    As aforementioned
Johnson v United States was not available.

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐        No ☒

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐        No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐        No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐        No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this
issue:                      Case used as progeny was not available.

PAE-AO 243 (Rev. 10/09)                                                                 Pag

**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**(b) Direct Appeal of Ground Three:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐     No ☐

(2)  If you did not raise this issue in your direct appeal, explain why:

_____

_____

**(c) Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ☐     No ☐

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3)  Did you receive a hearing on your motion, petition, or application?

      Yes ☐     No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

      Yes ☐     No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

      Yes ☐     No ☐

Page

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise th issue: _____

**GROUND FOUR:** _____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

**(b) Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐        No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

**(c) Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐        No ☐

PAE-AO 243 (Rev. 10/09)                                                                                          Page

   (2)  If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

   (3)  Did you receive a hearing on your motion, petition, or application?

        Yes ☐     No ☐

   (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐     No ☐

   (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐     No ☐

   (6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

   (7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise th

issue: _____

_____

_____

_____

13.  Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which
ground or grounds have not been presented, and state your reasons for not presenting them:

I have not previously presented any of the grounds to a federal

Court. There was no applicable case law that could have been used

previously.

_____

_____

_____

14.  Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgm you are challenging?        Yes ☐        No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)  At the preliminary hearing:        CAN NOT RECALL

(b)  At the arraignment and plea:        CAN NOT RECALL

(c)  At the trial:

(d)  At sentencing:

        CAN NOT RECALL

(e)  On appeal:

(f)  In any post-conviction proceeding:        PRO SE

(g)  On appeal from any ruling against you in a post-conviction proceeding:        PRO SE

16.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes ☐        No ☑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

(b)  Give the date the other sentence was imposed:

(c)  Give the length of the other sentence:

(d)  Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?        Yes ☐        No ☐

PAE-AO 243 (Rev. 10/09)                                                    Page

17.   TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain
      why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

_____MOTION IS TIMELY UNDER §2255(f0(3) (h)(2) AS JOHNSON_____
_____WAS ANNOUNCED RETROACTIVE THROUGH ITS PROGENY GONZALEZ -
_____LONGORIA IN APRIL 2016_____

---

* 28 U.S.C. § 2255(f), provides that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run
from the latest of –

   (1)   the date on which the judgment of conviction became final;

   (2)   the date on which the impediment to making a motion created by governmental action in violation of
   the Constitution or laws of the United States is removed, if the movant was prevented from making such
   a motion by such governmental action;

   (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has
   been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral
   review; or

   (4)   the date on which the facts supporting the claim or claims presented could have been discovered
   through the exercise of due diligence.

PAE-AO 243 (Rev. 10/09)                                                                      Pa

Therefore, movant asks that the Court grant the following relief:   VACATE SENTENCE AND
       REMAND FOR RESENTENCING

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motio
under 28 U.S.C. § 2255 was placed in the prison mailing system on _____5/2/2016_____

                                                                    (month, date, year)

Executed (signed) on _____5/2/2016_____ (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

_____

_____

_____

SUPPORT BRIEF

Actus non facit reum nisi mens sit rea, latin for: an act does
not make a person guilty unless the mind is guilty: An act does not
make the doer criminal, unless his/her mind is criminal. In Johnson
v United States, 576 U.S. 135 S.Ct 2551(2015), the Court departed fro
a settled rule of law, rather than let crimes and wrongs remain,
as there was an interpretation doubtful, as to liberty. The decision
must be in favor of liberty when there is a question as to legality.
We must have recourse to what is extraordinary when what is ordinary
fails. The recourse is, when it comes to those unfortunate individuals
who have been sentenced to enhanced sentences, based on, not only
the 'residual clause', but also enhanced based on prior convictions,
questionable as to the alledged seriousness of those convictions,
without proof therein, the recourse is to now, vacate and remand.
Johnson with its retroactive effect, now expressed through Welch
as well as Gonzalez-Longoria, invalidates the residual clause of
the 924(c) statute. The holding itself affects a rule that is of a
substantive rather than procedural nature, as it alters the range of
conduct or the class of persons that the law punishes.

Anytime there is some ambiguity, especially when questions of Constit
rights have been raised, we must ascertain a motion presented by
petitioners, to decide whether said person is being held in violatior
of their Amendment rights. These principles apply not only to statute
defining elements of crimes, but also statutes fixing sentences. See
U.S. V Batchelder, 442 US 114, 129 99 S.Ct 2198 (79). This is because
the  Supreme Court's interpretation of a statute means exactly what t

statute should have meant from the day it was enacted. quoted
from U.S. v McKie, 73 F.3d 1149, 1151 (DC Cir. 1996). Judgement
is not given on matters that are not clear.

Ipso facto, even as to the issuance of a certificate of appealabil:
one cannot use the term, 'petitioner has already filed a motion
pursuant to §2255, arguing the same argument already, or not
alleging the constitutional violation previously,' because at
the time of this petitioner's conviction, Johnson was not availabl
Nor, at the time, was the statute deemed invalid and unconstitutio
Miller-El v Cockrell, 537, U.S. 322, 337 (2003), holding: "obtaini
a C/O/A does not require a showing that the appeal will succeed,"
and "Court of Appeals should not decline the application........
merely because it believes the applicant will not demonstrate an
entitlement to relief."    There has also been uniform Appellate
case law holding that an individual serving an enhanced sentence
may invoke federal habeas to reduce the sentence to the extent
that is was lenghened by a prior unconstitutional conviction.

This ruling is not capricious. The Court has been leaning towards
this 'change of law" since Descamps, even Apprendi.   The process
of law is a heavy hardship; the execution of the law crowns the
work.

Wherefore, Ms. Ordaz, respectfully asks of this Honorable Court, t
vacate and remand for further proceedings. In closing, Tacita
quaedom habentur pro expressis. Certain things unexpressed, are
considered expressed.   The Court has spoken.

# United States Court of Appeals for the Third Circuit

**INSTRUCTIONS FOR FILING MOTION UNDER 28 U.S.C. § 2244 FOR ORDER AUTHORIZING DISTRICT COURT TO CONSIDER SECOND OR SUCCESSIVE APPLICATION FOR RELIEF UNDER 28 U.S.C. §§ 2254 OR 2255**

Permission must be obtained from the Court of Appeals before a party can file a second or successive habeas corpus petition under 28 U.S.C. § 2254 or motion to vacate under 28 U.S.C. § 2255.

1. Use the attached form to file a **MOTION UNDER 28 U.S.C. § 2244 FOR ORDER AUTHORIZING DISTRICT COURT TO CONSIDER SECOND OR SUCCESSIVE APPLICATION FOR RELIEF UNDER 28 U.S.C. § 2254 OR § 2255.**

2. Answer completely all the questions on the attached form. Your failure to provide complete answers may result in the Court denying your motion.

3. **Attach to your motion copies of the following documents:**

   A. The § 2254 or § 2255 application you want to file in the district court if the Court of Appeals grants your motion.

   B. All § 2254 or § 2255 applications you previously filed in any **federal** court challenging the judgment of conviction or sentence you now want to challenge.

   C. All court opinions and orders, final and interlocutory, disposing of the claims in your previous § 2254 or § 2255 applications that challenged the judgment of conviction or sentence you now want to challenge.

   D. All magistrate judges' reports and recommendations issued in all previous § 2254 or § 2255 applications that challenged the judgment of conviction or sentence you now want to challenge.

4. You must **sign the motion in two places** at the end of page 5. Your failure to sign the motion or to complete the Proof of Service on page 7 may result in the Court denying your motion.

5. You must file with the Court of Appeals the **original and three copies of your motion and all documents attached to it.** Your failure to provide the original and three copies may result in the Court denying your motion.

6. If your motion seeks relief under 28 U.S.C. § 2254, you must serve a copy of the motion and all documents attached to it on the attorney general of the state in which you are confined or the district attorney for the county in which you were convicted. Your failure to serve the attorney general may result in the Court denying your motion.

7. If your motion seeks relief under 28 U.S.C. § 2255, you must serve a copy of the motion and all documents attached to it on the United States Attorney for the federal judicial district in which you were convicted. Your failure to serve the United States Attorney may result in the Court denying your motion.

Room 21400

Lizaca Crone #52247-066
Federal Correctional Institution
P.O. Box 4000
Aliceville, AL 35442



**PRIORITY**
**★ MAIL ★**

DATE OF DELIVERY SPECIFIED *

USPS TRACKING™ INCLUDED *

INSURANCE INCLUDED *

PICKUP AVAILABLE

* Domestic only

FROM: LAZARA ORDAD #52247-066
Federal Correctional Institution
P.O. Box 4000
Aliceville, AL 35442

TO:

⇔52247-066⇔
Cleck Of C James A Byrnes
U.S. Courthouse
601 Market ST
ROOM 21400
Phila, PA 19105
United States

WHEN USED INTERNATIONALLY.

Expected Delivery Day: 05/06/2016

**USPS TRACKING NUMBER**





U.S.M.
X-RAY

**General Docket**
**Third Circuit Court of Appeals**

| | |
|---|---|
| **Court of Appeals Docket #:** 16-2248 | **Docketed:** 05/11/2016 |
| In re: Lazara Ordaz | **Termed:** 06/07/2016 |
| **Appeal From:** United States District Court for the Eastern District of Pennsylvania | |
| **Fee Status:** NA | |

**Case Type Information:**
  **1)** original proceeding
  **2)** shc-2244b
  **3)** DC Civil Case

**Originating Court Information:**
  **District:** 0313-2 :

**Current Cases:**
  None

| | |
|---|---|
| In re: LAZARA ORDAZ (#52247-066)<br>      Petitioner | Lazara Ordaz<br>[NTC Pro Se]<br>Aliceville FCI<br>P.O. Box 4000<br>Aliceville, AL 35442 |
| UNITED STATES OF AMERICA<br>      Respondent | Bernadette A. McKeon, Esq.<br>Direct: 215-861-8326<br>Email: bernadette.mckeon2@usdoj.gov<br>Fax: 215-861-8618<br>[COR NTC Federal government]<br>Office of United States Attorney<br>615 Chestnut Street<br>Suite 1250<br>Philadelphia, PA 19106 |
| | Robert A. Zauzmer, Esq.<br>Direct: 215-861-8568<br>Email: bob.zauzmer@usdoj.gov<br>Fax: 215-861-8618<br>[NTC Federal government]<br>Office of United States Attorney<br>615 Chestnut Street<br>Suite 1250<br>Philadelphia, PA 19106 |

In re:  LAZARA ORDAZ,
                    Petitioner

| 05/11/2016 | | Application for Leave to File Second or Successive Petition pursuant to 28 U.S.C. Section 2244(b) filed. Notice filed by Petitioner Lazara Ordaz. Placed in Prison Mail on 05/02/2016. (PDB) |
|---|---|---|
| 05/11/2016 | | ORDER (Clerk) Petitioner has filed a Motion Under 28 U.S.C. Section 2244 for an Order Authorizing the District Court to Consider a Second or Successive Motion to Vacate Setence Under 28 U.S.C. Section 2255 based on the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015). No. 16-2248 is hereby stayed pending further order of the Court, filed. (PDB) |
| 05/13/2016 | | ORDER (Clerk) Upon further review of the above application for leave to file a second or successive petiton pursuant to 28 USC § 2244(b), the stay granted by Clerk Order filed May 11, 2016 is hereby lifted. Further, as it appears that petitioner has not yet filed a motion pursuant to 28 USC § 2255 to challenge the amended judgment entered in United States v. Odaz, E.D. PA Crim. No. 2:98-cr-00587 on July 11, 2003, the parties are directed to file responses regarding whether a second or successive petition pursuant to 28 USC § 2244(b) is necessary at the present time. The responses shall be in proper form and shall be filed within 14 days from the date of this Order. [PLEASE SEE ORDER FOR ENTIRE TEXT} (ZM) |
| 05/23/2016 | | ECF FILER: ENTRY OF APPEARANCE from Bernadette McKeon on behalf of Appellee(s) USA. (BAM) |
| 05/24/2016 | | ECF FILER: Response filed by Respondent USA to clerk order. Certificate of Service dated 05/24/2016. (BAM) |
| 06/07/2016 | | ORDER (AMBRO, SHWARTZ and NYGAARD, Circuit Judges) The application pursuant to 28 U.S.C. Section 2244 & 2255(h) is denied as unnecessary. We hereby transfer the filing to the United States District Court for the Eastern District of Pennsylvania to be considered as a motion pursuant to 28 U.S.C. Section 2255. The action shall proceed as if it had been filed in the United States District Court for the Eastern District of Pennsylvania on the date upon which it was filed in this Court, filed. Panel No.: ALD-271. Shwartz, Authoring Judge. (PDB) |



A True Copy,

*Marcia M. Waldron*

Marcia M. Waldron, Clerk

ALD-271                                                              June 3, 2016
**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

C.A. No. **16-2248**

In re: LAZARA ORDAZ, Petitioner

Present:        AMBRO, SHWARTZ, and NYGAARD, Circuit Judges

Submitted are:

(1)     Petitioner's application pursuant to 28 U.S.C. § 2244 and
        § 2255 to file a second or successive motion under 28 U.S.C.
        § 2255; and

(2)     Respondent's response to the Clerk's Order of May 13, 2016

in the above-captioned case.

Respectfully,

Clerk

MMW/TRA/pdb

_____ORDER_____

        The application pursuant to 28 U.S.C. §§ 2244 & 2255(h) is denied as
unnecessary. Ordaz seeks to present a claim under Johnson v. United States, 135 S. Ct.
2551 (2015), in her first motion pursuant to 28 U.S.C. § 2255 to challenge the amended
judgment entered in United States v. Ordaz, E.D.PA Crim. No. 2:98-cr-00587 on July 11,
2003. Accordingly, she does not need our authorization to proceed. See Magwood v.
Patterson, 561 U.S. 320, 331 (2010) (holding that a first application challenging a new
judgment is not considered "second or successive" such that § 2244(b) would apply). We
hereby transfer the filing to the United States District Court for the Eastern District of
Pennsylvania to be considered as a motion pursuant to 28 U.S.C. § 2255. See 28 U.S.C.
§ 1631. The action shall proceed as if it had been filed in the United States District Court
for the Eastern District of Pennsylvania on the date upon which it was filed in this Court.
Id.

By the Court,


<u>s/ Patty Shwartz</u>
Circuit Judge

Dated: June 7, 2016
PDB/cc: Lazara Ordaz
      Bernadette A. McKeon, Esq.



A True Copy:

Marcia M. Waldron

Marcia M. Waldron, Clerk